# MANDATE

09-1025-cr
United States v. Madoff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

1      At a stated term of the United States Court of Appeals
2 for the Second Circuit, held at the Daniel Patrick Moynihan
3 United States Courthouse, 500 Pearl Street, in the City of
4 New York, on the 20TH day of March, two thousand nine.
5
6
7 PRESENT: HON. DENNIS JACOBS,
8                Chief Judge,
9        HON. ROBERT D. SACK,
10       HON. RICHARD C. WESLEY,
11               Circuit Judges.
12
13 - - - - - - - - - - - - - - - - - - - -X
14 UNITED STATES OF AMERICA,
15       Appellee,
16
17
18       -v.-                  09-1025-cr
19
20 BERNARD L. MADOFF,
21       Defendant-Appellant.
22 - - - - - - - - - - - - - - - - - - - -X
23
24
25



[Stamp: UNITED STATES COURT OF APPEALS FILED MAR 20 2009 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT]

[Stamp: U.S. DISTRICT COURT FILED APR 15 2009 S.D. OF N.Y.]

ISSUED AS MANDATE: APR 13 2009

| | | |
|---|---|---|
| **APPEARING FOR APPELLANT:** | | IRA LEE SORKIN, Dickstein Shapiro LLP, New York, N.Y. |
| **APPEARING FOR APPELLEE:** | | MARC O. LITT, Assistant United States Attorney, (Lisa A. Baroni, on the brief), for Lev L. Dassin, Acting United States Attorney, Southern District of New York, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Defendant-appellant Bernard L. Madoff appeals the district court's denial of bail pending sentencing pursuant to 18 U.S.C. §§ 3143(a) and 3145(c).

Post-conviction, a defendant no longer has a substantive constitutional right to bail pending sentencing. Williamson v. United States, 184 F.2d 280, 281 (2d Cir. 1950) (Jackson, Circuit Justice); United States v. Abuhamra, 389 F.3d 309, 317 (2d Cir. 2004). As the district court observed, the defendant "is no longer entitled to the presumption of innocence." Accordingly, § 3143(a) places the burden on a defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community.

Here the district court found that in light of the defendant's age (70) and the length of a potential sentence (150 years), he has an incentive to flee, and that because he has the means to do so, he presents a risk of flight, and therefore should not be released.

On an appeal from an order of detention pending sentencing, we consider both the district court's factual determinations and its overall assessment as to the risk of flight, and we review for clear error. Abuhamra, 389 F.3d at 317. "To identify clear error, we must do more than entertain doubts about the district court's conclusions or hypothesize reasonable alternative findings; we must be left with the definite and firm conviction that a mistake has

been committed." United States v. Cavera, 550 F.3d 180, 204 (2d Cir. 2008)(in banc)(quotation omitted).

On appeal, the defendant argues that incentive to flee is not a proper consideration under the statute, and that the district court's findings are insufficiently detailed.

As to the incentive to flee (based on his age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight. This consideration was permissible under the statute and reasonable under the circumstances, and therefore not clearly erroneous.

As to the findings, our review of the record confirms that the district court's findings were sufficient under the circumstances of this case. The defendant's age and his exposure to imprisonment are undisputed, and the court did not err in inferring an incentive to flee from these facts. Moreover, the district court's finding that the defendant has the means--and therefore the ability--to flee was not clear error. The defendant has argued that all of his assets are accounted for and are inaccessible to him; however, the district court was not required to treat this defendant's financial representations as reliable. The defendant has a residence abroad, and has had ample opportunity over a long period of time to secret substantial resources outside the country.

Finally, we note that there was substantial evidence in the record to support a finding by the district court that bail should be denied to the defendant because he had failed to prove by clear and convincing evidence that he does "not . . . pose a danger to the [pecuniary] safety of any other person or the community if released . . . ." 28 U.S.C. § 3143(a)(1). See, e.g., United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir. 1992)(order)("[D]anger may, at least in some cases, encompass pecuniary or economic harm."). The district court did not address this issue in its brief oral decision, however. Inasmuch as we affirm in any event on the ground of likelihood of flight, we need not decide whether we can, in light of the record, also affirm on the ground of endangerment. See Holcomb v. Lykens, 337 F.3d 217, 223 (2d Cir. 2003)("It is well-settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied

upon by the district court.")(citation and internal quotation marks omitted).

In sum, the district court did not clearly err in its assessment that the defendant has failed to show by clear and convincing evidence that he is not likely to flee. The order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: _____
Frank Perez, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK