```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA,              STIPULATION AND ORDER
                                   :   OF INTERLOCUTORY SALE
          - v. -                       (Montauk Home)
                                   :
BERNARD L. MADOFF,                     09 Cr. 213 (DC)
                                   :
          Defendant.
                                   :
----------------------------------x

          WHEREAS, on December 11, 2008, the Honorable Douglas F.
Eaton, United States Magistrate Judge, Southern District of New
York, issued a warrant to arrest BERNARD L. MADOFF ("MADOFF") on
the basis of a criminal complaint charging him with securities
fraud;

          WHEREAS, Information 09 Cr. 213 (DC) ("Information"),
filed March 10, 2009, charged MADOFF in eleven counts in
connection with a scheme to defraud clients of Bernard L. Madoff
Investment Securities ("BLMIS"), from at least as early as the
1980s through on or about December 11, 2008, by soliciting
billions of dollars of funds under false pretenses, failing to
invest investors' funds as promised, and misappropriating and
converting investors' funds to MADOFF's own benefit and the
benefit of others without the knowledge or authorization of the
investors;

          WHEREAS, the Information also contains two forfeiture
allegations, the first of which concerns the offenses charged in
Counts One, Three, Four, and Eleven of the Information, which

1

constitute "specified unlawful activity" as that term is defined
in 18 U.S.C. § 1956(c)(7) (the "SUA Offenses"), and which seeks
criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28
U.S.C. § 2461, of all property, real or personal, which
constitutes or is derived from proceeds traceable to the
commission of the SUA Offenses, and all property traceable to
such property, and substitute assets, pursuant to 21 U.S.C.
§ 853(p);

WHEREAS, the second forfeiture allegation, concerning
the money laundering offenses charged in Counts Five through
Seven of the Information (the "Money Laundering Offenses"), seeks
criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of all
property, real and personal, involved in the Money Laundering
Offenses, and all property traceable to such property, and
substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on March 12, 2009, MADOFF pleaded guilty to
all eleven counts in the Information;

WHEREAS, on or about March 16, 2009, the Office of the
United States Attorney for the Southern District of New York (the
"Office") filed notice that the property which the United States
alleges is subject to forfeiture includes all right, title and
interest of the defendant in the following, among other property:

> All that lot or parcel of land, together with its
> buildings, appurtenances, improvements, fixtures,
> attachments and easements known as 216 Old Montauk
> Highway, Montauk, New York, 11954, and all insured
> and readily salable personal property contained
> therein;

(the "Subject Property");

WHEREAS, on or about March 16, 2009, the Government filed with the Suffolk County Clerk a notice of lis pendens for the Subject Property;

WHEREAS, BERNARD L. MADOFF, the defendant, and Ruth Madoff, the defendant's wife, represent that they are the owners of the Subject Property, and that they are aware of no one other than themselves who might have or might assert an interest in the Subject Property;

WHEREAS, the value of the Subject Property is subject to dissipation;

WHEREAS, the Office, MADOFF, and Ruth Madoff agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits;

WHEREAS, the Office, with the consent of MADOFF, Ruth Madoff, the Securities and Exchange Commission ("SEC"), the Securities Investor Protection Corporation ("SIPC"), and Irving Picard, trustee for the liquidation of BLMIS ("Trustee"), have obtained an order in case number 08 Civ. 10791(LLS) (the "SEC Case"), directing that actions taken under the forfeiture laws by the Office, the Federal Bureau of Investigation and the USMS with respect to the Subject Property will not violate certain freeze orders entered in the SEC Case, and relieving the Madoffs and their counsel from the freeze orders in the SEC Case only to the

3

extent needed to cooperate with the restraint, seizure, and disposition of the Subject Property in accordance with federal law; and

WHEREAS, the Office intends to distribute, as soon as practicable, the net proceeds from the sale or other disposition of the Subject Property and other forfeited property to victims of the offenses of which MADOFF was convicted, consistent with applicable Department of Justice regulations;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through its attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, Barbara A. Ward and Sharon E. Frase, Assistant United States Attorneys, of counsel; BERNARD L. MADOFF, the defendant, by and through his attorneys, Dickstein Shapiro LLP, Ira Sorkin, Esq. and Mauro Wolfe, Esq., of counsel, and Ruth Madoff, by and through her attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Peter Chavkin and Bridget M. Rohde, Esq., of counsel, as follows:

1.     The Subject Property will be sold by the USMS in a commercially feasible manner. Pending a sale of the Subject Property, the USMS shall maintain existing insurance policies and, to the best of its ability, renew any other insurance policies, that the USMS, in its sole discretion, determines to be necessary to preserve the value of the Subject Property. To

4

facilitate the expeditious disposition of the personal property, the USMS shall, in its sole discretion, solicit from among a limited number of vendors services needed to assist in the disposal of the personal property.

2. The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

3. The net cash/check proceeds of the sale of the Subject Property (the "Net Sale Proceeds") shall consist of the sale price, less amounts expended to pay any outstanding property taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, country transfer fees, and expenses incurred by the USMS, its agent, or its designee in connection with its custody and sale of the Subject Property.

4. The Net Sale Proceeds shall be paid to the "United States Marshals Service" and held by the USMS in its Seized Asset Fund. The Net Sale Proceeds shall serve as a substitute res for the Subject Property ("Substitute Res") in this action and any other action brought by the Office for forfeiture of the Subject Property.

5. Upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order

5

of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C.
§ 982(b)(1), in which all interests will be addressed.

6. MADOFF and Ruth Madoff agree to take all necessary
steps to effect the interlocutory sale of the Subject Property,
including the execution of documents necessary to convey clear
title to the property.

7. MADOFF and Ruth Madoff agree to notify the Office
promptly if they learn of any condition that might affect the
sale of the Subject Property, and to join in any motion by the
United States to effect the sale of the Subject Property.

8. MADOFF and Ruth Madoff, and each of them, are
hereby barred from asserting any claim against the United States
or any of its agents and employees, including the Federal Bureau
of Investigation, the USMS, and the Office, in connection with,
or arising out of, the United States' seizure, custody and
interlocutory sale of the Subject Property.

9. Any rental or other income generated by the
Subject Property which would otherwise be due to the owner will
be turned over directly to the USMS, which will hold such
proceeds in its custody and control pending entry of a Final
Order of Forfeiture.

10. The undersigned individuals represent and warrant
that they are authorized to execute this Stipulation. The
undersigned United States signatories represent that they are

6

signing this Stipulation in their official capacities and that
they are authorized to execute this Stipulation.

11.   The undersigned individuals further represent that
each of them has obtained all consents, approvals or other acts
of any kind required to be obtained or done in order to enable it
lawfully to enter into this Stipulation.

12.   The signature pages of this Stipulation may be
executed in one or more counterparts, each of which will be
deemed an original but all of which together will constitute one
and the same instrument.

13.   This Order constitutes the complete agreement
between the Office, MADOFF and Ruth Madoff with respect to the
Subject Property and may not be amended except by written consent
of the same.

14.   The Court retains jurisdiction in this matter to
take additional action and enter further orders as necessary to
implement and enforce this Stipulation and Order.

15.   The Clerk of the Court shall forward four certified copies of this Order to the United States Marshals Service, Southern District of New York; and to Assistant U.S. Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Date:_____    By:   _____
                          Barbara A. Ward
                          Sharon E. Frase
                          Assistant United States Attorneys
                          One St. Andrew's Plaza
                          New York, New York 10007
                          (212)637-1048/2329

COUNSEL FOR BERNARD L. MADOFF

Date:_____    By:   _____
                          Ira Sorkin, Esq.
                          Mauro Wolfe, Esq.
                          Dickstein Shapiro LLP
                          153 East 53rd Sreet, Floor 54
                          New York, NY 10022
                          (212)896-6525

COUNSEL FOR RUTH MADOFF

Date: 6/26/09    By:   _____
                          Peter Chavkin, Esq.
                          Bridget Rohde, Esq.
                          Mintz, Levin, Cohn, Ferris,
                               Glovsky and Popeo, P.C.
                          The Chrysler Center
                          666 Third Avenue
                          New York, NY 10017
                          (212) 692-6231

8

15.   The Clerk of the Court shall forward four
certified copies of this Order to the United States Marshals
Service, Southern District of New York; and to Assistant U.S.
Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New
York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Date:_____     By:   _____
                           Barbara A. Ward
                           Sharon E. Frase
                           Assistant United States Attorneys
                           One St. Andrew's Plaza
                           New York, New York 10007
                           (212)637-1048/2329

                     COUNSEL FOR BERNARD L. MADOFF

Date:_____     By:   _____
                           Ira Sorkin, Esq.
                           Mauro Wolfe, Esq.
                           Dickstein Shapiro LLP
                           153 East 53rd Sreet, Floor 54
                           New York, NY 10022
                           (212)896-6525

                     COUNSEL FOR RUTH MADOFF

Date:_____     By:   _____
                           Peter Chavkin, Esq.
                           Bridget Rohde, Esq.
                           Mintz, Levin, Cohn, Ferris,
                              Glovsky and Popeo, P.C.
                           The Chrysler Center
                           666 Third Avenue
                           New York, NY 10017
                           (212) 692-6231

8

15.   The Clerk of the Court shall forward four
certified copies of this Order to the United States Marshals
Service, Southern District of New York; and to Assistant U.S.
Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New
York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Date:  6/26/09          By:  _____
                             Barbara A. Ward
                             Sharon E. Frase
                             Assistant United States Attorneys
                             One St. Andrew's Plaza
                             New York, New York 10007
                             (212)637-1048/2329

COUNSEL FOR BERNARD L. MADOFF

Date:_____      By:  _____
                             Ira Sorkin, Esq.
                             Mauro Wolfe, Esq.
                             Dickstein Shapiro LLP
                             153 East 53rd Sreet, Floor 54
                             New York, NY 10022
                             (212)896-6525

COUNSEL FOR RUTH MADOFF

Date:_____      By:  _____
                             Peter Chavkin, Esq.
                             Bridget Rohde, Esq.
                             Mintz, Levin, Cohn, Ferris,
                                 Glovsky and Popeo, P.C.
                             The Chrysler Center
                             666 Third Avenue
                             New York, NY 10017
                             (212) 692-6231

8

ORDER (Montauk Home)

Having reviewed the foregoing Stipulation of Interlocutory Sale, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
The Stipulation is So Ordered.

DENNY CHIN
UNITED STATES DISTRICT JUDGE

6/26/09

9