```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

UNITED STATES OF AMERICA,         STIPULATION AND ORDER
                             :     OF INTERLOCUTORY SALE
       - v. -                    (New York City Co-op)
                             :
BERNARD L. MADOFF,               09 Cr. 213 (DC)
                             :
         Defendant.
                             :
- - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on December 11, 2008, the Honorable Douglas F. Eaton, United States Magistrate Judge, Southern District of New York, issued a warrant to arrest BERNARD L. MADOFF ("MADOFF") on the basis of a criminal complaint charging him with securities fraud;

        WHEREAS, Information 09 Cr. 312 (DC) ("Information"), filed March 10, 2009, charged MADOFF in eleven counts in connection with a scheme to defraud clients of Bernard L. Madoff Investment Securities ("BLMIS"), from at least as early as the 1980s through on or about December 11, 2008, by soliciting billions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to MADOFF's own benefit and the benefit of others without the knowledge or authorization of the investors;

        WHEREAS, the Information also contains two forfeiture allegations, the first of which concerns the offenses charged in Counts One, Three, Four, and Eleven of the Information, which

1

constitute "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7) (the "SUA Offenses"), and which seeks criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the SUA Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the second forfeiture allegation, concerning the money laundering offenses charged in Counts Five through Seven of the Information (the "Money Laundering Offenses"), seeks criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of all property, real and personal, involved in the Money Laundering Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on March 12, 2009, MADOFF pleaded guilty to all eleven counts in the Information;

WHEREAS, on or about March 16, 2009, the Office of the United States Attorney for the Southern District of New York (the "Office") filed notice that the property which the United States alleges is subject to forfeiture includes all right, title and interest of the defendant in the following, among other property:

> All shares of capital stock held in the name of Bernard L. Madoff and/or Ruth Madoff in 133 East 64th Street Corporation, a cooperative housing corporation, and the proprietary lease for Apartment 11A/12 in the building located at 133 East 64th Street, New York, New York, 10021,

>           together with its appurtenances, improvements and
>           fixtures and all insured and readily salable
>           personal property contained therein, including,
>           but not limited to, one Steinway piano valued at
>           approximately $39,000, and one set of silverware
>           valued at approximately $65,000.

(the "Subject Property");

WHEREAS, on or about March 16, 2009, the Government filed with the New York County Clerk a notice of lis pendens for the Subject Property;

WHEREAS, Ruth Madoff, the defendant's wife, represents thats she is the owner of the Subject Property, and that she is aware of no one other than herself who might have or might assert an interest in the Subject Property;

WHEREAS, the value of the Subject Property is subject to dissipation;

WHEREAS, the Office, MADOFF, and Ruth Madoff agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits;

WHEREAS, the Office, with the consent of MADOFF, Ruth Madoff, the Securities and Exchange Commission ("SEC"), the Securities Investor Protection Corporation ("SIPC"), and Irving Picard, trustee for the liquidation of BLMIS ("Trustee"), have obtained an order in case number 08 Civ. 10791(LLS) (the "SEC Case"), directing that actions taken under the forfeiture laws by the Office, the Federal Bureau of Investigation and the USMS with respect to the Subject Property will not violate certain freeze

3

orders entered in the SEC Case, and relieving the Madoffs and their counsel from the freeze orders in the SEC Case only to the extent needed to cooperate with the restraint, seizure, and disposition of the Subject Property in accordance with federal law; and

WHEREAS, the Office intends to distribute, as soon as practicable, the net proceeds from the sale or other disposition of the Subject Property and other forfeited property to victims of the offenses of which MADOFF was convicted, consistent with applicable Department of Justice regulations;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through its attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, Barbara A. Ward and Sharon E. Frase, Assistant United States Attorneys, of counsel; BERNARD L. MADOFF, the defendant, by and through his attorneys, Dickstein Shapiro LLP, Ira Sorkin, Esq. and Mauro Wolfe, Esq., of counsel, and Ruth Madoff, by and through her attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Peter Chavkin and Bridget M. Rohde, Esq., of counsel, as follows:

1. The Subject Property will be sold by the USMS in a commercially feasible manner. Pending a sale of the Subject Property, the USMS shall maintain existing insurance policies and, to the best of its ability, renew any other insurance

4

policies, that the USMS, in its sole discretion, determines to be necessary to preserve the value of the Subject Property. To facilitate the expeditious disposition of the personal property, the USMS shall, in its sole discretion, solicit from among a limited number of vendors services needed to assist in the disposal of the personal property.

       2.   The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

       3.   The net cash/check proceeds of the sale of the Subject Property (the "Net Sale Proceeds") shall consist of the sale price, less amounts expended to pay any outstanding property taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, country transfer fees, and expenses incurred by the USMS, its agent, or its designee in connection with its custody and sale of the Subject Property.

       4.   The Net Sale Proceeds shall be paid to the "United States Marshals Service" and held by the USMS in its Seized Asset Fund. The Net Sale Proceeds shall serve as a substitute res for the Subject Property ("Substitute Res") in this action and any other action brought by the Office for forfeiture of the Subject Property.

5.   Upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

6.   MADOFF and Ruth Madoff agree to take all necessary steps to effect the interlocutory sale of the Subject Property, including the execution of documents necessary to convey clear title to the property.

7.   MADOFF and Ruth Madoff agree to notify the Office promptly if they learn of any condition that might affect the sale of the Subject Property, and to join in any motion by the United States to effect the sale of the Subject Property.

8.   MADOFF and Ruth Madoff, and each of them, are hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the USMS, and the Office, in connection with, or arising out of, the United States' seizure, custody and interlocutory sale of the Subject Property.

9.   Any rental or other income generated by the Subject Property which would otherwise be due to the owner will be turned over directly to the USMS, which will hold such proceeds in its custody and control pending entry of a Final Order of Forfeiture.

10. The undersigned individuals represent and warrant that they are authorized to execute this Stipulation. The undersigned United States signatories represent that they are signing this Stipulation in their official capacities and that they are authorized to execute this Stipulation.

11. The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation.

12. The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

13. This Order constitutes the complete agreement between the Office, MADOFF and Ruth Madoff with respect to the Subject Property and may not be amended except by written consent of the same.

14. The Court retains jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

15. The Clerk of the Court shall forward four certified copies of this Order to the United States Marshals Service, Southern District of New York; and to Assistant U.S.

Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Date:_____     By: _____
                           Barbara A. Ward
                           Sharon E. Frase
                           Assistant United States Attorneys
                           One St. Andrew's Plaza
                           New York, New York 10007
                           (212)637-1048/2329

COUNSEL FOR BERNARD L. MADOFF

Date:_____     By: _____
                           Ira Sorkin, Esq.
                           Mauro Wolfe, Esq.
                           Dickstein Shapiro LLP
                           153 East 53rd Sreet, Floor 54
                           New York, NY 10022
                           (212)896-6525

COUNSEL FOR RUTH MADOFF

Date: 6/26/09          By: _____
                           Peter Chawkin, Esq.
                           Bridget Rohde, Esq.
                           Mintz, Levin, Cohn, Ferris,
                              Glovsky and Popeo, P.C.
                           The Chrysler Center
                           666 Third Avenue
                           New York, NY 10017
                           (212) 692-6231

8

Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Date:_____   By: _____
                       Barbara A. Ward
                       Sharon E. Frase
                       Assistant United States Attorneys
                       One St. Andrew's Plaza
                       New York, New York 10007
                       (212)637-1048/2329

COUNSEL FOR BERNARD L. MADOFF

Date:_____   By: _____
                       Ira Sorkin, Esq.
                       Mauro Wolfe, Esq.
                       Dickstein Shapiro LLP
                       153 East 53rd Sreet, Floor 54
                       New York, NY 10022
                       (212)896-6525

COUNSEL FOR RUTH MADOFF

Date:_____   By: _____
                       Peter Chavkin, Esq.
                       Bridget Rohde, Esq.
                       Mintz, Levin, Cohn, Ferris,
                           Glovsky and Popeo, P.C.
                       The Chrysler Center
                       666 Third Avenue
                       New York, NY 10017
                       (212) 692-6231

8

Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

Date: 6/26/09     By: *[signature]*

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

Barbara A. Ward
Sharon E. Frase
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212)637-1048/2329

COUNSEL FOR BERNARD L. MADOFF

Date:_____   By: _____
Ira Sorkin, Esq.
Mauro Wolfe, Esq.
Dickstein Shapiro LLP
153 East 53rd Sreet, Floor 54
New York, NY 10022
(212)896-6525

COUNSEL FOR RUTH MADOFF

Date:_____   By: _____
Peter Chavkin, Esq.
Bridget Rohde, Esq.
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
The Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 692-6231

ORDER (New York City Co-Op)

Having reviewed the foregoing Stipulation of Interlocutory Sale, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
The Stipulation is So Ordered.

_____
DENNY CHIN
UNITED STATES DISTRICT JUDGE

6/25/09

9