USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | STIPULATION AND ORDER OF INTERLOCUTORY SALE |
| - v. - | : | (U.S. Vehicles/Vessels) |
| BERNARD L. MADOFF, | : | 09 Cr. 213 (DC) |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS, on December 11, 2008, the Honorable Douglas F. Eaton, United States Magistrate Judge, Southern District of New York, issued a warrant to arrest BERNARD L. MADOFF ("MADOFF") on the basis of a criminal complaint charging him with securities fraud;

WHEREAS, Information 09 Cr. 213 (DC) ("Information"), filed March 10, 2009, charged MADOFF in eleven counts in connection with a scheme to defraud clients of Bernard L. Madoff Investment Securities ("BLMIS"), from at least as early as the 1980s through on or about December 11, 2008, by soliciting billions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to MADOFF's own benefit and the benefit of others without the knowledge or authorization of the investors;

WHEREAS, the Information also contains two forfeiture allegations, the first of which concerns the offenses charged in Counts One, Three, Four, and Eleven of the Information, which constitute "specified unlawful activity" as that term is defined

in 18 U.S.C. § 1956(c)(7) (the "SUA Offenses"), and which seeks criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the SUA Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the second forfeiture allegation, concerning the money laundering offenses charged in Counts Five through Seven of the Information (the "Money Laundering Offenses"), seeks criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of all property, real and personal, involved in the Money Laundering Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on March 12, 2009, MADOFF pleaded guilty to all eleven counts in the Information;

WHEREAS, on or about March 16, 2009, the Office of the United States Attorney for the Southern District of New York (the "Office") filed notice that the property which the United States alleges is subject to forfeiture includes all right, title and interest of the defendant in the following, among other property:

1. One 2003 CH Marine Shelter Island Runabout Known as "Sitting Bull," Hull Identification Number CQI38032F303, 38 feet in length;

    2.    One 1969 Rybovich Custom Motor Yacht Known as "Bull," Hull Identification Number 522159, 55 feet in length;

    3.    One Pathfinder Open Motorboat, Hull Identification Number MVIPH016C000, 24 feet in length;

    4.    One 2003 EZLO Trailer, Vehicle Identification Number IZEDAE5G03A003546, Florida License Number J521CF;

    5.    All Funds on Deposit in Account No. 000902981147 at Bank of America in the Name of Yacht Bull Corp.,

    6.    One 1999 Mercedes Benz CLK Class, vehicle identification number WDBLK65G9XT012137, Florida registration number K556WB;

    7.    One 2004 Volkswagen Touareg, vehicle identification number WVGEM77L34D077975, New York registration number CYC6394;

    8.    One 2001 Mercedes Benz E Class, vehicle identification number WDBJH82J71X043517, New York registration number BAR8009;

(the "Subject Property");

    WHEREAS, on or about March 23, 2009, United States Magistrate Judge Ronald L. Ellis issued seizure warrants for items one through five of the Subject Property listed above, and such property was seized by the United States Marshals Service ("USMS") and is being held in its secure custody and control;

    WHEREAS, the value of the Subject Property is subject to dissipation;

3

WHEREAS, the Office, MADOFF, and Ruth Madoff agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits;

WHEREAS, the Office, with the consent of MADOFF, Ruth Madoff, the Securities and Exchange Commission ("SEC"), the Securities Investor Protection Corporation ("SIPC"), and Irving Picard, trustee for the liquidation of BLMIS ("Trustee"), have obtained an order in case number 08 Civ. 10791(LLS) (the "SEC Case"), directing that actions taken under the forfeiture laws by the Office, the Federal Bureau of Investigation and the USMS with respect to the Subject Property will not violate certain freeze orders entered in the SEC Case, and relieving the Madoffs and their counsel from the freeze orders in the SEC Case only to the extent needed to cooperate with the restraint, seizure, and disposition of the Subject Property in accordance with federal law;

WHEREAS, the Office intends to distribute, as soon as practicable, the net proceeds from the sale or other disposition of the Subject Property and other forfeited property to victims of the offenses of which MADOFF was convicted, consistent with applicable Department of Justice regulations;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by and through its attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, Barbara A. Ward and Sharon E. Frase, Assistant United States Attorneys, of counsel; BERNARD L. MADOFF, the defendant, by and through his attorneys, Dickstein Shapiro LLP, Ira Sorkin and Mauro Wolfe, Esq., of counsel, by and through her attorneys, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Peter Chavkin and Bridget M. Rohde, Esq., of counsel, as follows:

1.  Ruth Madoff will promptly make arrangements to turn over to the USMS or its designee the vehicles described as items six through eight of the Subject Property listed above.

2.  The Subject Property will be sold by the USMS in a commercially feasible manner.

3.  The USMS may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

4.  The purchase price of the property will be a cash price.

5. The net proceeds of the sale of the Subject Property (the "Net Sale Proceeds") will consist of the sale price, after payment of any outstanding property taxes, valid prior liens, commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, transfer fees, and expenses incurred by the USMS in connection with its custody and sale of the Subject Property.

6. The Net Sale Proceeds will be held by the USMS in its Seized Asset Fund and will serve as a substitute res for the Subject Property ("Substitute Res") in this action and any other action brought by the Office for forfeiture of the Subject Property pending a final judgment of forfeiture. All claims and defenses applicable to the Subject Property will apply to the Substitute Res. Upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture

pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

7. MADOFF and Ruth Madoff agree to take all necessary steps to effect the interlocutory sale of the Subject Property.

8. MADOFF and Ruth Madoff agree to notify the Office promptly if they learn of any condition that might affect the sale of the Subject Property, and to join in any motion by the United States to effect the sale of the Subject Property.

9. MADOFF and Ruth Madoff, and each of them, are hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, the USMS, and the Office, in connection with, or arising out of, the United States' seizure, custody and interlocutory sale of the Subject Property.

10. Any rental or other income generated by the Subject Property which would otherwise be due to the owner will be turned over directly to the USMS, which will hold such proceeds in its custody and control pending entry of a Final Order of Forfeiture.

11. The undersigned individuals represent and warrant that they are authorized to execute this

Stipulation. The undersigned United States signatories represent that they are signing this Stipulation in their official capacities and that they are authorized to execute this Stipulation.

12. The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation.

13. The signature pages of this Stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

14. This Order constitutes the complete agreement between the Office, MADOFF and Ruth Madoff with respect to the Subject Property and may not be amended except by written consent of the same.

15. The Court retains jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

16. The Clerk of the Court shall forward four certified copies of this Order to the United States Marshals Service, Southern District of New York; and to Assistant U.S. Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

        LEV L. DASSIN
        Acting United States Attorney

Date:_____    By: _____
        Barbara A. Ward
        Sharon E. Frase
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        (212)637-1048/2329

Date:_____    COUNSEL FOR BERNARD L. MADOFF

        By: _____
        Ira Sorkin, Esq.
        Mauro Wolfe, Esq.
        Dickstein Shapiro LLP
        1177 Avenue of the Americas
        New York, NY 10036-2714
        (212) 277-6726

Date: 6/26/09    COUNSEL FOR RUTH MADOFF

        By: *Bridget Rohde* (signature)
        Peter Chavkin, Esq.
        Bridget M. Rohde, Esq.
        Mintz, Levin, Cohn, Ferris,
           Glovsky and Popeo, P.C.
        The Chrysler Center
        666 Third Avenue
        New York, NY 10017
        (212) 692-6231

16. The Clerk of the Court shall forward four certified copies of this Order to the United States Marshals Service, Southern District of New York; and to Assistant U.S. Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

        LEV L. DASSIN
        Acting United States Attorney

Date:_____  By: _____
        Barbara A. Ward
        Sharon E. Frase
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        (212)637-1048/2329

Date:_____  COUNSEL FOR BERNARD L. MADOFF

        By: _____
        Ira Sorkin, Esq.
        Mauro Wolfe, Esq.
        Dickstein Shapiro LLP
        1177 Avenue of the Americas
        New York, NY 10036-2714
        (212) 277-6726

Date:_____  COUNSEL FOR RUTH MADOFF

        By: _____
        Peter Chavkin, Esq.
        Bridget M. Rohde, Esq.
        Mintz, Levin, Cohn, Ferris,
            Glovsky and Popeo, P.C.
        The Chrysler Center
        666 Third Avenue
        New York, NY 10017
        (212) 692-6231

16. The Clerk of the Court shall forward four certified copies of this Order to the United States Marshals Service, Southern District of New York; and to Assistant U.S. Attorney Barbara A. Ward, One St. Andrews Plaza, New York, New York, 10007.

Consented and agreed to by:

LEV L. DASSIN
Acting United States Attorney

Date: 6/26/09    By: _____
                     Barbara A. Ward
                     Sharon E. Frase
                     Assistant United States Attorneys
                     One St. Andrew's Plaza
                     New York, New York 10007
                     (212)637-1048/2329

Date:_____    COUNSEL FOR BERNARD L. MADOFF

                   By: _____
                       Ira Sorkin, Esq.
                       Mauro Wolfe, Esq.
                       Dickstein Shapiro LLP
                       1177 Avenue of the Americas
                       New York, NY 10036-2714
                       (212) 277-6726

Date:_____    COUNSEL FOR RUTH MADOFF

                   By: _____
                       Peter Chavkin, Esq.
                       Bridget M. Rohde, Esq.
                       Mintz, Levin, Cohn, Ferris,
                            Glovsky and Popeo, P.C.
                       The Chrysler Center
                       666 Third Avenue
                       New York, NY 10017
                       (212) 692-6231

9

ORDER (U.S. Boats and Cars)

Having reviewed the foregoing Stipulation of Interlocutory Sale, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
The Stipulation is So Ordered.

_____
DENNY CHIN
UNITED STATES DISTRICT JUDGE

6/26/09