```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

BERNARD L. MADOFF,

Defendant.

---

ORDER OF INTERLOCUTORY SALE
(Cohmad Account)

09 Cr. 213 (DC)

Upon consideration of the Application of PREET BHARARA, United States Attorney for the Southern District of New York, Barbara A. Ward and Sharon E. Frase, Assistant United States Attorneys, of counsel, for an Order of Interlocutory Sale as to the following property:

> Any and all securities, funds and other property on deposit in Account No. 126-01070 in the name of Ruth Madoff at COHMAD Securities Corp., 885 Third Avenue, New York, New York, 10022, including but not limited to, municipal bonds valued at approximately $46,665,673, and all property traceable thereto;

(the "Subject Property"), the Court finds that:

1. In the Preliminary Order of Forfeiture, Final as to the Defendant, entered on June 26, 2009, the Court imposed two personal money judgments against the defendant, ordered him to forfeit all of his interest in specific property identified in the Order, and extinguished his claims to any and all property in which he has an interest as property constituting or derived from proceeds traceable to the commission of the offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7) charged in Counts One, Three, Four, and Eleven of the Information, and/or as property involved in the money laundering offenses charged in Counts Five through Seven of the Information, including, but not limited to, the Subject Property. On June 29, 2009, the Court incorporated the Preliminary Order of Forfeiture as part of the defendant's sentence.

2.      On June 26, 2009, the Court endorsed a Stipulation and Order between the United States Attorney's Office for the Southern District of New York and the defendant's wife, Ruth Madoff, the terms of which included Ruth Madoff's consent to the forfeiture and relinquishment of all claims to the Subject Property.

3.      Pursuant to 21 U.S.C. § 853(g), following entry of an order of forfeiture, upon application of the United States, the Court is authorized to "take any . . . action to protect the interest of the United States in the property ordered forfeited."

4.      The Subject Property, which principally consists of municipal bonds with various maturity dates, is under the control of the United States Marshals Service ("USMS").

5.      The USMS is responsible for the management and disposition of forfeited property for the Department of Justice, and needs the ability to liquidate the securities comprising the Subject Property in order to maximize their value.

6.      The property forfeited in connection with this case will be distributed to the victims of the defendant's fraud, consistent with applicable Department of Justice regulations.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

The USMS is authorized to liquidate the Subject Property in a commercially feasible manner and may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

IT IS FURTHER ORDERED that the net proceeds from the sale will be held by the USMS in its Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute res for the Subject Property (the "Substitute Res") in the above-captioned case and

any other action that may be brought by the Office for forfeiture of the Subject Property, with all claims and defenses applicable to the Subject Property to apply to the Substitute Res.

Dated: New York, New York
9/30 , 2009

_____
DENNY CHIN
UNITED STATES DISTRICT JUDGE