UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

| | |
|---|---|
| UNITED STATES OF AMERICA : | **SECOND FINAL ORDER OF FORFEITURE** |
| - v. - : | (1st Pub. Group–Selected Assets; 2nd Pub. Group) |
| BERNARD L. MADOFF, : | 09 Cr. 213 (DC) |
| Defendant. : | |

------------------------------ x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/22/10
```

BACKGROUND

The Criminal Proceedings

WHEREAS, on or about June 26, 2009, the Court entered a Preliminary Order of Forfeiture (Final as to the Defendant) (the "Preliminary Order") as to BERNARD L. MADOFF, the defendant ("MADOFF" or the "defendant"), which is incorporated herein by reference as if set out in full;

WHEREAS, on June 29, 2009, the Court sentenced the defendant to, *inter alia*, 150 years' imprisonment and criminal forfeiture in accordance with the terms of the Preliminary Order;

WHEREAS, in the Preliminary Order, the Court imposed an aggregate money judgment upon the defendant in the amount of $170.799 billion ($170 billion as to the First Forfeiture Allegation and $799 million as to the Second Forfeiture Allegation), and ordered the defendant to forfeit all of his right, title and interest in any and all property and other interests belonging to, owed to or controlled in whole or in part by the defendant, and all property traceable to such property, including, but not limited to, all right, title and interest of the defendant in the property listed in Exhibit A to the Preliminary Order (the "Specific Property");

WHEREAS, the Specific Property included the following:

1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 216 Old Montauk Highway, Montauk, New York, 11954, held in the name of BERNARD L. MADOFF and Ruth Madoff as tenants by the entireties, and all insured and salable personal property contained therein;

2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 410 North Lake Way, Palm Beach, Florida, 33480, held in the name of Ruth Madoff, and all insured and salable personal property contained therein;

3. $1,480,636.69 on deposit in the U.S. Marshals Service Seized Asset Fund, representing the net proceeds from the sale of all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as Chateau des Pins Villa 2, 279 Chemin de la Garoupe, Cap d'Antibes, France, 06600, and all insured and salable personal property contained therein;

4. One 2003 CH Marine Shelter Island Runabout Known as *Sitting Bull*, Hull Identification No. CQI38032F303, approximately 38 feet in length, and all electronics, equipment, appliances, and fixtures and all valuable, insured or salable personal property contained thereon;

5. One 1969 Rybovich Custom Motor Yacht Known as *Bull*, Hull Identification No. 522159, approximately 55 feet in length, and all electronics, equipment, appliances, and fixtures and all valuable, insured or salable personal property contained thereon;

6. One Pathfinder Open Motorboat Known as *Little Bull*, Hull Identification No. MV1PH016C000, approximately 24 feet in length, and all electronics, equipment, appliances, and fixtures and all valuable, insured or salable personal property contained thereon, and one 2003 EZLO Trailer, VIN IZEDAE5G03A003546, Florida License No. J521CF;

7. One 1999 Mercedes Benz CLK Class, VIN WDBLK65G9XT012137, Florida Reg. No. K556WB, and all electronics, equipment, fixtures and valuable, insured or salable personal property contained therein;

8. One 2004 Volkswagen Touareg, VIN WVGEM77L34D077975, New York Reg. No. CYC6394, and all electronics, equipment, fixtures and valuable, insured or salable personal property contained therein;

2

9.  One 2001 Mercedes Benz E Class, VIN WDBJH82J71X043517, New York Reg. No. BAR8009, and all electronics, equipment, fixtures and valuable, insured or salable personal property contained therein; and

10. Any and all securities, funds and other property on deposit in Account No. 126-01070 in the name of Ruth Madoff at COHMAD Securities Corp., 885 Third Avenue, New York, New York, 10022, including but not limited to, municipal bonds valued at approximately $46,665,673, and all property traceable thereto,

(hereinafter referred to collectively as the "Subject Property").

### The Stipulation and Order as to Ruth Madoff

WHEREAS, on June 26, 2009, the Court endorsed a Stipulation and Order between the United States Attorney's Office for the Southern District of New York and the defendant's wife, Ruth Madoff, the terms of which included Ruth Madoff's consent to the forfeiture and relinquishment of all claims to the Specific Property, including the Subject Property.

### The Interlocutory Orders of Sale

WHEREAS, on June 26, 2009, the Court endorsed Stipulation and Orders of Interlocutory Sale authorizing the United States Marshals Service (the "USMS") to sell the (i) Madoffs's co-op apartment on East 64th Street in New York City; (ii) their homes in Montauk, New York, and Palm Beach, Florida, and all insured and salable personal property contained therein; and (iii) the vehicles and vessels listed in paragraphs 4 through 9 above (the "U.S. Vehicles and Vessels"), and to hold the net sale proceeds in the USMS Seized Assets Deposit Account as a substitute *res* for the property;

WHEREAS, on September 30, 2009, the Court endorsed an Order of Interlocutory Sale authorizing the USMS to liquidate the contents of Account No. 126-01070 at COHMAD Securities

3

Corp. and to hold the net sale proceeds in the USMS Seized Assets Deposit Account as a substitute *res* for the property;

WHEREAS, on November 13, 2009, the Court endorsed an Order of Interlocutory Sale authorizing the USMS to sell various items of personal property that were seized from the Madoffs's homes in New York City and Montauk at a live auction held in New York on November 14, 2009, and to hold the net sale proceeds in the USMS Seized Assets Deposit Account as a substitute *res* for the property.

### The First Final Order of Forfeiture (New York City Co-op)

WHEREAS, on April 14, 2010, on the Government's application, the Court entered a Final Order of Forfeiture as to all shares of capital stock held in the name of BERNARD L. MADOFF and/or Ruth Madoff in 133 East 64th Street Corporation, a cooperative housing corporation, and the proprietary lease for Apartment 11A/12 in the building located at 133 East 64th Street, New York, New York, 10021, together with its appurtenances, improvements and fixtures and all insured and readily salable personal property contained therein (the "New York City Co-op").

### The Ancillary Proceedings as to the Subject Property

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b) require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property;

WHEREAS, the Preliminary Order directed the United States to publish and provide notice to third parties known to have alleged an interest in the forfeited property, including the Subject Property, pursuant to 21 U.S.C. § 853(n)(1), 18 U.S.C. § 982(b)(1), and Fed. R. Crim. P. 32.2(b);

WHEREAS, notice of the Preliminary Order as to some of the Specific Property, including the Subject Property, was published on the government internet site www.forfeiture.gov for at least thirty (30) consecutive days, beginning on August 20, 2009, and ending on September 18, 2009 (and, as to the personal property sold at the November 14, 2009 auction, beginning on January 23, 2010, and ending on February 21, 2010), as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Proof of publication was filed with the Court on September 24, 2009, and April 22, 2010;

WHEREAS, each published notice explained that any person asserting a legal interest in the property was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the property, in accordance with Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, the defendant and Ruth Madoff are the only persons and entities known to the Government to have or to have asserted a potential interest in the Subject Property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property where no direct notice to potential claimants was required and no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site, in accordance with the procedures prescribed in Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, no other claims or answers have been filed or made in this action, no other parties have appeared to contest the action to date, and the requisite time periods have expired;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Subject Property and to warrant good title to any subsequent purchaser or transferee.

NOW, THEREFORE, on the application of Preet Bharara, United States Attorney for the Southern District of New York, Barbara A. Ward and Matthew L. Schwartz, Assistant United States Attorneys, of counsel,

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. All right, title and interest in the Subject Property is hereby forfeited to the United States of America for disposition according to law.

2. All right, title and interest in any and all interest and/or income ("Interest") accrued on the Subject Property (or the proceeds of its sale, where applicable) while on deposit in the Seized Assets Deposit Account is hereby forfeited to the United States of America for disposition according to law. The United States Marshals Service shall calculate such Interest, accruing from the dates of deposit in the Seized Assets Deposit Account, and transfer any and all such Interest to the Department of Justice Assets Forfeiture Fund along with the forfeited property, in anticipation of remission proceedings for the benefit of victims to be conducted by the Department of Justice pursuant to 21 U.S.C. § 853(i) and 28 C.F.R. Part 9.

3. The net proceeds from the sale of the Subject Property, together with Interest (as defined in the next preceding paragraph), shall be applied to the Money Judgments imposed upon the defendant, in partial satisfaction thereof.

4. Nothing in this Order shall affect any property subject to the Preliminary Order of Forfeiture other than the Subject Property, or any petition asserting an interest in any such property.

5.      The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

6.      The Clerk of the Court shall forward certified copies of this Order to Assistant United States Attorney Barbara A. Ward, One St. Andrew's Plaza, New York, New York, 10007.

Dated:   New York, New York
         September 22, 2010

                                            _____
                                            DENNY CHIN
                                            United States ~~District~~ Judge,
                                            Circuit
                                            Sitting by Designation

7