# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT S. GETTINGER, et al      :

                                    :      Civil  Action No.  07-3015 (SDW)

               Plaintiff (s)

                                   :

        vs

                                     :      ORDER OF DISMISSAL

MAGNETIC SERVICES, INC., , et al      :

               Defendant(s)      :

It has been reported to the Court that the above-captioned matter has been settled,

**It is on this 14th day of May 2009**

**ORDERED** that this action is hereby dismissed without  prejudice and without costs,

subject to the right of the parties upon good cause shown within **60 days**, to reopen the action if the

settlement is not consummated.  The terms of the settlement agreement are incorporated herein by

reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

                                    **/s/ Susan D. Wigenton**
                             UNITED STATES DISTRICT JUDGE

# EXHIBIT C

EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

————————————————x
ESTATE OF ROBERT S. GETTINGER,
ESQ., and RUTH MADOFF,

                Plaintiffs,

*Vs.*

MAGNETIC SERVICES, INC., and DR.
MARK BERGER,

                Defendants.
————————————————x

CIVIL ACTION NO. 07-cv-3015 (SDW)

**ORDER**

**WHEREAS** the parties appeared before the Court on several matters, one of which included the deposit with this Court of funds that would otherwise have been payable to plaintiff Ruth Madoff, and the Cashier of the Office of the Clerk of the United States District Court for the District of New Jersey having instructed that any payment to the Court must be made via a certified check or cashier's check provided to the Cashier with an accompanying Order; and for good cause having been shown:

        **IT IS** on this _4_ day of _Janu_ _2010_, ~~2009,~~ **ORDERED** that

1.     On or before ~~December 31,~~ _Janu 6 2010_ 2009, Defendants shall deposit with the Court through a certified or cashier's check, along with a copy of this Order as executed and entered, those funds that would otherwise have been payable to plaintiff Ruth Madoff. By that same date, those funds payable to the Estate of Robert S. Gettinger, Esq. shall be paid to his counsel in good funds.

2.     Defendants shall deliver the funds that would otherwise have been payable to plaintiff Ruth Madoff and a copy of this Order to: United States District Court for the

District of New Jersey, 50 Walnut Street, Room 4015, Newark, New Jersey 07102, ATTN:
Cashier.

3.    Defendants shall provide a courtesy copy of all papers filed with the Court as well
as a copy of the check provided to the Cashier to this Court and to counsel for plaintiffs.

4.    The Cashier is hereby directed to place the funds deposited by Defendants into an
interest-bearing account and that no disbursement or release of the funds shall be made to
any person or entity, including any governmental entity, without further order of this Court
(the Honorable Madeline Cox Arleo, U.S.M.J.), and prior notice and opportunity to be
heard being accorded to counsel for all parties in this action.

5.    It is further ordered, as stipulated by the parties on the record during the December
22, 2009 hearing, that "Robert S. Gettinger, Esq." shall be removed from the caption of
this case and replaced with "the Estate of Robert S. Gettinger," such that the new caption
shall be "Estate of Robert S. Gettinger, Esq., and Ruth Madoff v. Magnetic Services, Inc.,
and Dr. Mark Berger."

6.    Counsel for plaintiffs shall provide a copy of this Order to Michael V. Gilberti,
Esq., counsel for defendants, and to Dr. Mark Berger within five (5) days upon notice of
execution of this Order.


**SO ORDERED:**

_____
HON. MADELINE COX ARLEO, U.S.M.J.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | |
| : | Civil Action No. _07-3015_ |

ESTATE OF ROBERT S. GETTINGER, ESQ.,
ET AL

                      :

                      :

           v               :      **CLERK'S CERTIFICATE OF**
                             :          **CASH DEPOSIT**

MAGNETIC SERVICES, INC., ETAL                      :

                                    :

        I hereby certify that on 1/8/10, $54,493.00 was
deposited in the Registry as per 1/4/10 Order.

                          Very truly yours,

                          William T. Walsh, Clerk

by:     _Jane DelleMonache_

                     Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Civil Action No. 07-3015 |
| ESTATE OF ROBERT S. GETTINGER, ESQ., ET AL | : |  |
|  | : |  |
| V | : | **CLERK'S CERTIFICATE OF CASH DEPOSIT** |
|  | : |  |
| MAGNETIC SERVICES, INC., ETAL | : |  |
|  | : |  |

I hereby certify that on 1/8/10, $7,500.00 was deposited in the Registry as per 1/4/10 Order.

Very truly yours,

William T. Walsh, Clerk

by: *Jane Delle Monache*

Jane DelleMonache

Deputy Clerk

# EXHIBIT E

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Plaintiffs
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 642-1900

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------x

| | | |
|---|---|---|
| ESTATE OF ROBERT S. GETTINGER, ESQ. and RUTH MADOFF, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 07-CV-3015 (SDW) |
| *vs.* | : | |
| MAGNETIC SERVICES, INC., and DR. MARK BERGER, | : | **CONSENT ORDER OF DISMISSAL OF COMPLAINT WITH PREJUDICE** |
| Defendants. | : | |

**THIS MATTER** having been opened to the Court by Epstein Becker & Green, P.C. (James P. Flynn, Esq. appearing), attorneys for Plaintiffs Robert S. Gettinger, Esq., and Ruth Madoff (collectively referred to as "Plaintiffs"), and Epstein & Gilberti, L.L.C. (Michael V. Gilberti, Esq. appearing), counsel for Defendants Magnetic Services, Inc., and Dr. Mark Berger (collectively referred to as "Defendants"), the Court being fully advised, and the parties having conferred and agreed to the entry of the within Consent Order, and for good cause shown;

**IT IS** on this /1th day of March, 2010;

1.    **ORDERED** that Plaintiffs' claims against Defendants in the above captioned action be and hereby are dismissed with prejudice, without right of appeal and without costs and fees; and it is further

2.    **ORDERED** that the Court's Order of January 4, 2010 remains in full force and effect; and it is further

3.     **ORDERED** that any application made to the Court for the disbursement or release of funds that were deposited with the Court pursuant to the Court's January 4, 2010 Order and that would otherwise have been payable to plaintiff Ruth Madoff shall only be made upon notice and opportunity to be heard being accorded to counsel for all parties in this action; and it is further

4.     **ORDERED** that the United States District Court, District of New Jersey shall retain jurisdiction of this matter, including jurisdiction over any and all applications relating to the interpretation and/or enforcement of this Agreement.

**SO ORDERED:**

HONORABLE SUSAN D. WIGENTON , U.S. D.J.

**THE UNDERSIGNED HEREBY CONSENT TO ENTRY OF THE WITHIN ORDER:**

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Plaintiffs,
Estate of Robert S. Gettinger, Esq., and
Ruth Madoff

EPSTEIN & GILBERTI, L.L.C.
Attorneys for Defendants,
Magnetic Services, Inc., and Dr. Mark
Berger

By _____
        JAMES P. FLYNN

By _____
        MICHAEL V. GILBERTI

DATED: February,  1 , 2010
          March

DATED: February 2Y, 2010

-2-

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTATE OF ROBERT S. GETTINGER, ESQ. and RUTH MADOFF, | ) ) ) |
| Plaintiffs, | ) **STIPULATION AND ORDER** ) |
| - against - | ) No. 07-cv-3015 (SDW) (MCA) ) |
| MAGNETIC SERVICES, INC., and DR. MARK BERGER, | ) ) ) |
| Defendants. | ) ) ) |

**WHEREAS**, on or about May 15, 2010, the United States District Court for the District of New Jersey (the "Court") issued an order dismissing the above-captioned action and noting that the "matter has been settled";

**WHEREAS**, on or about November 6, 2009, the Court issued its Order Sealing Plaintiff's Motion to Enforce Settlement Pursuant to L. Civ. R. 5.3, such that the agreement underlying the settlement of the above-captioned matter, if any, is not public;

**WHEREAS**, on or about January 4, 2010, the Court issued an order requiring defendants to deposit with the Court through a certified or cashier's check "those funds that would otherwise have been payable to plaintiff Ruth Madoff";

**WHEREAS**, on that same day, defendants deposited two checks with the Court, in the amounts of $7,500 and $54,493;

**WHEREAS**, the Court's January 4, 2010 Order further required the Cashier of this Court to place the funds deposited by defendants into an interest-bearing account (including all interest, the "Funds");

**WHEREAS**, on or about March 11, 2010, the Court dismissed the claims in the above-referenced case but held that "the Court's Order of January 4, 2010 remains in full force and effect";

**WHEREAS**, on or about March 12, 2009, in the United States District Court for the Southern District of New York (the "New York Court"), in connection with the massive Ponzi scheme operated through Bernard L. Madoff Investment Securities LLC, Bernard L. Madoff pleaded guilty to Information 09 Cr. 213 (DC), which charged him with securities fraud, investment advisor fraud, mail fraud, wire fraud, two counts of international money laundering, money laundering, false statements, perjury, false filings with the SEC, and theft from an employee benefit plan;

**WHEREAS**, on or about June 29, 2009, the Honorable Denny Chin sentenced Madoff to 150 years' imprisonment, criminal forfeiture money judgments totaling $170,799,000,000, and forfeiture of specific property, including (as set forth in a Preliminary Order of Forfeiture dated June 29, 2009) "[a]ny and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the assets of any and all corporations, partnerships or other entities, and/or their subsidiaries, affiliates, and joint ventures" as well as "any and all property and other interests in which the defendant has or will acquire an interest," which includes the Funds;

**WHEREAS**, by separate Stipulation and Order dated June 29, 2009, Ruth Madoff agreed, and the New York Court ordered, that she would be bound by the terms of the Preliminary Order of Forfeiture as if they applied equally to her, including by expressly agreeing "to forfeit to the United States of America, any and all property and other interests belonging to, owed to or controlled in whole or in part by RUTH MADOFF, and all property traceable to such property";

2

**WHEREAS**, the law firm of Epstein, Becker & Green, P.C. (the "Firm"), claims an entitlement to some or all of the Funds in connection with its work in the above-captioned case;

**WHEREAS**, the United States Attorney's Office for the Southern District of New York (the "Government") has neither had access to the settlement agreement resolving the above-captioned case, if any, nor to the engagement materials or fee agreements between plaintiffs and the Firm, if any; and

**WHEREAS**, the Government does not intend to oppose the disbursement of reasonable fees and expenses properly due and owing to the Firm for its work in the above-captioned case, consistent with any engagement materials, retainer, or fee agreements, and the forfeiture laws;

**THEREFORE**, the Parties stipulate and agree, and the Court hereby orders, that:

1.     The Cashier of this Court is directed to transfer the Funds to the cashier of the United States District Court for the Southern District of New York, who is directed to hold the Funds in an interest-bearing account pending further order of the court in *United States v. Bernard L. Madoff*, 09 Cr. 213 (DC).

2.     The Court's November 6, 2009 Sealing Order is vacated to the extent necessary, and as required by law, to permit counsel and the parties to make available any and all documents to the United States Attorney's Office for the Southern District of New York.

3.     To the extent that the United States Attorney's Office for the Southern District of New York seeks to have made available to it the Settlement Agreement And General Release of Claims, such production of the Settlement Agreement by the Firm is permitted under Paragraph 4 of the Settlement Agreement as "required by law" and is on notice to all parties, or counsel for all parties, in this litigation.

4.     The Clerk of Court is directed to close this case without costs or fees to any party.

3

**SO ORDERED:**

Dated: ___Aug 3 2010___

Newark, New Jersey

HON. MADELINE COX ARLEO
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY:**

Dated: July 30, 2010
      Newark, New Jersey

EPSTEIN, BECKER & GREEN, P.C.

James P. Flynn, Esq.
Daniel R. Levy, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Tel.: (973) 639-8292
Fax: (973) 639-8922
E-mail: dlevy@ebglaw.com

Dated: July 30 2010
      New York, New York

PREET BHARARA
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
Attorney for the United States of America

Barbara A. Ward
Matthew L. Schwartz
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-1945
Facsimile: (212) 637-2937
E-mail: matthew.schwartz@usdoj.gov

4

# EXHIBIT G

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                          :

                                                  :                    **ORDER**

         - v. -                                   :            09 Cr. 213 (DC)

                                                  :

BERNARD L. MADOFF,                                :

              Defendant.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, the Court having reviewed the Stipulation and Order entered August 3, 2010

in *Estate of Robert S. Gettinger, Esq. and Ruth Madoff v. Magnetic Services, Inc. and Dr. Mark*

*Berger*, No. 07-cv-3015 (SDW) (MCA) (D.N.J. Jan. 4, 2010), a copy of which is attached hereto and

incorporated herein by reference, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

The Clerk of the Court of the United States District Court for the Southern District of New

York (the "Clerk") is hereby directed to accept the transfer of approximately $61,993, plus interest,

from the Cashier's Office of the Clerk of the Court, United States District Court for the District of

New Jersey, and to deposit the same in an interest-bearing account pending further Order of the

Court in the above-captioned case.

Dated:   New York, New York
         October 19, 2010

                                          DENNY CHIN
                                          United States Circuit Judge
                                          (Sitting by designation)

Case 2:07-cv-03015-SDW-MCA   Document 45   Filed 08/03/10   Page 1 of 4 PageID: 1051

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ESTATE OF ROBERT S. GETTINGER, ESQ. and RUTH MADOFF, | ) ) ) | |
| Plaintiffs, | ) ) | **STIPULATION AND ORDER** |
| - against - | ) ) | No. 07-cv-3015 (SDW) (MCA) |
| MAGNETIC SERVICES, INC., and DR. MARK BERGER, | ) ) ) | |
| Defendants. | ) ) | |

WHEREAS, on or about May 15, 2010, the United States District Court for the District of New Jersey (the "Court") issued an order dismissing the above-captioned action and noting that the "matter has been settled";

WHEREAS, on or about November 6, 2009, the Court issued its Order Sealing Plaintiff's Motion to Enforce Settlement Pursuant to L. Civ. R. 5.3, such that the agreement underlying the settlement of the above-captioned matter, if any, is not public;

WHEREAS, on or about January 4, 2010, the Court issued an order requiring defendants to deposit with the Court through a certified or cashier's check "those funds that would otherwise have been payable to plaintiff Ruth Madoff";

WHEREAS, on that same day, defendants deposited two checks with the Court, in the amounts of $7,500 and $54,493;

WHEREAS, the Court's January 4, 2010 Order further required the Cashier of this Court to place the funds deposited by defendants into an interest-bearing account (including all interest, the "Funds");

ATTACHMENT

WHEREAS, on or about March 11, 2010, the Court dismissed the claims in the above-referenced case but held that "the Court's Order of January 4, 2010 remains in full force and effect";

WHEREAS, on or about March 12, 2009, in the United States District Court for the Southern District of New York (the "New York Court"), in connection with the massive Ponzi scheme operated through Bernard L. Madoff Investment Securities LLC, Bernard L. Madoff pleaded guilty to Information 09 Cr. 213 (DC), which charged him with securities fraud, investment advisor fraud, mail fraud, wire fraud, two counts of international money laundering, money laundering, false statements, perjury, false filings with the SEC, and theft from an employee benefit plan;

WHEREAS, on or about June 29, 2009, the Honorable Denny Chin sentenced Madoff to 150 years' imprisonment, criminal forfeiture money judgments totaling $170,799,000,000, and forfeiture of specific property, including (as set forth in a Preliminary Order of Forfeiture dated June 29, 2009) "[a]ny and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the assets of any and all corporations, partnerships or other entities, and/or their subsidiaries, affiliates, and joint ventures" as well as "any and all property and other interests in which the defendant has or will acquire an interest," which includes the Funds;

WHEREAS, by separate Stipulation and Order dated June 29, 2009, Ruth Madoff agreed, and the New York Court ordered, that she would be bound by the terms of the Preliminary Order of Forfeiture as if they applied equally to her, including by expressly agreeing "to forfeit to the United States of America, any and all property and other interests belonging to, owed to or controlled in whole or in part by RUTH MADOFF, and all property traceable to such property";

2

WHEREAS, the law firm of Epstein, Becker & Green, P.C. (the "Firm"), claims an entitlement to some or all of the Funds in connection with its work in the above-captioned case;

WHEREAS, the United States Attorney's Office for the Southern District of New York (the "Government") has neither had access to the settlement agreement resolving the above-captioned case, if any, nor to the engagement materials or fee agreements between plaintiffs and the Firm, if any; and

WHEREAS, the Government does not intend to oppose the disbursement of reasonable fees and expenses properly due and owing to the Firm for its work in the above-captioned case, consistent with any engagement materials, retainer, or fee agreements, and the forfeiture laws;

THEREFORE, the Parties stipulate and agree, and the Court hereby orders, that:

1. The Cashier of this Court is directed to transfer the Funds to the cashier of the United States District Court for the Southern District of New York, who is directed to hold the Funds in an interest-bearing account pending further order of the court in *United States v. Bernard L. Madoff*, 09 Cr. 213 (DC).

2. The Court's November 6, 2009 Sealing Order is vacated to the extent necessary, and as required by law, to permit counsel and the parties to make available any and all documents to the United States Attorney's Office for the Southern District of New York.

3. To the extent that the United States Attorney's Office for the Southern District of New York seeks to have made available to it the Settlement Agreement And General Release of Claims, such production of the Settlement Agreement by the Firm is permitted under Paragraph 4 of the Settlement Agreement as "required by law" and is on notice to all parties, or counsel for all parties, in this litigation.

4. The Clerk of Court is directed to close this case without costs or fees to any party.

3

**SO ORDERED:**

Dated: ~~Aug 3- 2010~~
        Newark, New Jersey

HON. MADELINE COX ARLEO
UNITED STATES MAGISTRATE JUDGE

**AGREED TO BY:**

Dated: July 30, 2010          EPSTEIN, BECKER & GREEN, P.C.
       Newark, New Jersey

James P. Flynn, Esq.
Daniel R. Levy, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Tel.: (973) 639-8292
Fax: (973) 639-8922
E-mail: dlevy@ebglaw.com

Dated: July 30 2010           PREET BHARARA
       New York, New York     UNITED STATES ATTORNEY FOR THE
                              SOUTHERN DISTRICT OF NEW YORK
                              Attorney for the United States of America

Barbara A. Ward
Matthew L. Schwartz
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-1945
Facsimile: (212) 637-2937
E-mail: matthew.schwartz@usdoj.gov

4

# EXHIBIT H



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2011

<u>BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

James P. Flynn, Esq.
Daniel R. Levy, Esq.
Epstein, Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
E-mail: dlevy@ebglaw.com

**Re:**   *United States v. Bernard L. Madoff*, 09 Cr. 213 (DC)

Dears Messrs. Flynn & Levy:

As you are aware, the Preliminary Order of Forfeiture in the above-referenced case listed, among other assets, "[a]ny and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the assets of any and all corporations, partnerships, or other entities, and/or their subsidiaries, affiliates, and joint ventures," as well as "any and all other property and other interests in which the defendant has or will acquire an interest," which includes approximately $61,993 (including all interest, the "Funds") that was deposited into the United States District Court for the District of New Jersey in connection with the case captioned *Estate of Robert S. Gettinger, Esq. v. Magnetic Services, Inc.*, No. 07-cv-3015 (SDW) (MCA).

As you are also aware, Ruth Madoff executed a separate stipulation and order with the Government in the above-referenced case in which she agreed to be bound by the terms of the Preliminary Order of Forfeiture as if they applied equally to her, including by expressly agreeing "to forfeit to the United States of America any and all property and other interest belonging to, owed to, or controlled in whole or in part by RUTH MADOFF, and all property traceable to such property." (Copies of the Preliminary Order of Forfeiture and the Stipulation and Order with Ruth Madoff are enclosed). As you know, the Funds were transferred to the United States District Court for the Southern District of New York.

To assert a legal interest in the Funds, you are required to file a petition for a hearing to adjudicate the validity of your alleged interest. Your petition must be filed with the Office of the Clerk, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, with a copy to Assistant United States Attorneys Matthew L. Schwartz and Barbara A. Ward, One St. Andrews Plaza, New York, New York 10007, within thirty-five (35) days of the date of this letter. Please refer to Title 21, United States Code, Section 853(n), which provides the exclusive means by which a third party may lay claim to forfeited assets after

entry of a preliminary order of forfeiture and, in Section 853(n)(6), sets forth the standards for recovery.

Sincerely,

PREET BHARARA
United States Attorney

By: _____

MATTHEW L. SCHWARTZ
BARBARA A. WARD
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1945/1048
Facsimile:  (212) 637-2937
E-mail:  matthew.schwartz@usdoj.gov

# EXHIBIT I

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
TWO GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102-5003
973.642.1900
FAX: 973.642.0099
EBGLAW.COM

June 20, 2007

**Via Federal Express**

Robert Gettinger, Esq.
1407 Broadway (Room 3310)
New York, New York 10018-5102

Re:   Gettinger and Madoff v. Berger

Dear Mr. Gettinger:

Thank you for selecting Epstein Becker & Green (the "Firm") to represent you and Ms. Ruth Madoff (collectively "the Limited Partner Clients") against Dr. Mark Berger concerning the liquidation and wind up of a certain Limited Partner clientship doing business as Hoboken Medical Imaging, and the litigation that you have authorized the Firm to file in state or federal court here in New Jersey (the "engagement"). At this point, we are aware of no conflicts that would arise in representing your company. If we become aware of such a conflict, we will so advise you.

The Firm sends monthly statements to its clients. These statements contain a detailed breakdown of the work performed, identifying the person who performed it and how long it took to accomplish. It is our expectation that the statement will be paid within the month that it is sent. Please indicate below the address to which our invoices should be sent, and whether or not copies should also go to Ms. Madoff (If so, please include his address as well).

The Firm charges for attorney time on the basis of hourly rates which, in our New Jersey office, range from $185 and $550 per hour. Paralegal rates range between $140 and $145. We also charge for reasonable travel time and out-of-pocket expenses such as transportation, lodging, long distance telephone calls, photocopying, telecopying, court fees, Westlaw research, messenger fees and similar expenses. I will have primary responsibility for your matter, and my normal billing rate is $425 per hour. Dan Levy, an associate, will be the attorney that I expect will also be performing work on your matter (his normal hourly rate is $230). In consideration of the cost sensitivity that we discussed, we will reduce such fees by ten percent (10%) if paid within forty-five (45) days of the invoice.

While I am the person with primary responsibility for your matter, and I will be primarily responsible for the services you have asked the firm to provide to your company,

Robert Gettinger, Esq.
June 20, 2007
Page 2

nevertheless, it is this firm's practice to delegate assignments to other attorneys or legal assistants who can properly perform a task with the least cost to you. For instance, I will supervise Dan Levy's work, and each of us will interact with you during the course of this matter. You should be aware that from time to time, we may consult with other attorneys within the Firm concerning any difficult or unique legal or strategic issues which may arise during the course of litigation or about local procedures in the New Jersey, the forum in which the matter will be filed. Therefore, you may occasionally see the names of other attorneys appearing on billing statements.

While our standard retainer for new litigation is normally $10,000 or more, we are requesting an initial retainer of only $3,500.00 (the "retainer") in connection with our representation in consideration of our past relationship with Bob Salzburg, who introduced us and as a professional courtesy to you as another member of the Bar. You hereby authorize the Firm to apply fifty percent 50% of the retainer to billings with respect to the engagement on an ongoing basis. The balance of the retainer will be held in trust until the end of the engagement. Moreover, you hereby authorize the Firm, in its discretion, to apply the balance of the retainer to pay outstanding fees and costs that are otherwise delinquent. At the conclusion of the engagement, any portion of the retainer not utilized will be refunded to you. The Firm reserves the right to request further deposits, each up to a maximum of $10,000, as the original retainer is depleted.

I certainly do not anticipate any disagreements regarding fees or, if we do have a dispute, it is my desire to resolve it amicably. In the event that the discussion does not solve the problem, we believe that it is in the interest of both the client and the Firm to resolve any disputes through binding arbitration rather than through the courts. Thus, you and we agree that any dispute under this engagement agreement which cannot be resolved within a reasonable time by discussion between us shall be submitted to binding arbitration by the New Jersey State Bar Association; if that organization declines to arbitrate the dispute, then it will be forwarded to the American Arbitration Association pursuant to its rules. We also specifically agree herein that the prevailing party in any such arbitration or any related court proceeding shall be awarded its reasonable costs and attorney's fees incurred in connection with the dispute. Any arbitration will be binding and enforceable in the New Jersey Superior, Essex County or the United States District Court for New Jersey.

The Limited Partner clients have the right, at any time, to terminate the engagement upon written notice to the Firm. Immediately upon receipt of such written notice, the Firm will cease to render any additional services. However, such termination will not relieve the Limited Partner clients of the obligation to pay fees due for services rendered and disbursements incurred prior to the termination. Indeed, the obligations of you and Ms. Madoff to pay these fees and disbursements is a joint and several one, which each of you recognizes by your signatures below. The Firm may withdraw from representing the Limited Partner clients with your consent or for good cause.

Robert Gettinger, Esq.
June 20, 2007
Page 3

If the Limited Partner clients fail to honor its obligations hereunder and continues to fail to do so for twenty (20) or more days after notice from us, we shall have the right to declare this engagement agreement at an end and decline to represent it further. Should we elect to exercise that right, you agree to cooperate and free us of any obligation to perform further on the Limited Partner clients' behalf, including the execution and delivery of the substitution of attorney in any court or administrative forum. The rights referred to in this paragraph are not exclusive, but are supplemented by those treated by statute, or those recognized by the Rules of Professional Conduct, which govern lawyers.

We welcome the Limited Partner clients as a client and look forward to a mutually satisfactory and productive relationship. If you find the terms stated in this letter acceptable, please indicate your agreement by signing the enclosed original of this letter and returning it to me.

We appreciate the confidence that you have placed in us and look forward to a long and mutually beneficial relationship.

Sincerely,

James P. Flynn

Accepted and agreed to this _____ day of _____, 2007

By: _____
     Robert Gettinger

_____
Ruth Madoff

_____

_____   [Print Billing Address)
1407 BROADWAY
NYC
10018

NE:285748v1

LAW OFFICES

(212) 944-6090
FAX: (212) 354-0769

# GETTINGER & GETTINGER

1407 BROADWAY, NEW YORK, N. Y. 10018

ROBERT S GETTINGER
MARTIN A GETTINGER
———

June 21, 2007

James P. Flynn, Esq.
Epstein Becker & Green, PC
Two Gateway enter  12th Fl.
Newark, NJ  07102-5003

Re:  Gettinger and Madoff v. Berger

Dear Jim:

I enjoyed our talk yesterday, and am enclosing your retainer agreement together with my $3,500. check representing your requested initial retainer fee.  I have a few thoughts:  although we did not specifically discuss a greater discount of your fees, I thought $350./hr. would be the maximum.  I did mention that if we had a good result, I would voluntarily increase the fees.

I have not signed on behalf of Ruth Madoff because she and her husband are in Europe at present.  However, I am authorized to act on her behalf.

I am hopeful that a summons & complain can be prepared and served sometime next week.

Sincerely,

Robert S. Gettinger

RSG:ce
(Enc.)

# EXHIBIT J

**Summary**
.ist
Client/Client Address
General/Address
Billing
Matter Balances
Budget
Statistics

03/14/2011 11:40:37 am

| | |
|---|---|
| Matter Number: | 070755-00002 |
| Matter Name: | 070755-00002 |
| Client Number: | 070755 |
| Client Name | Robert S. Gettinger and Ru |

`<< Previous`   `Next >>`

☐ List Related Matters

**Select Detail**

Time & Fee Summary ▼   `Go`   ☐ View As Master Matter

`Refresh`

| | Accounts Receivable | Unbilled Fees/Costs |
|---|---|---|
| 0 to 30 | 0.00 | 0.00 |
| 31 to 60 | 0.00 | 0.00 |
| 61 to 90 | 0.00 | 0.00 |
| 91+ | 24,790.86 | 0.00 |
| Total: | 24,790.86 | 0.00 |

OP  Open ▼

Date Opened:
06/29/2007
Date Closed:

| | Billed To Date | Unbilled |
|---|---|---|
| Fees: | 65,368.50 | 0.00 |
| Costs: | 6,105.84 | 0.00 |
| Other: | 0.00 | |

Unallocated Payments:
0.00
Interim Bills:
0.00
Non Billable:
0.00
Net Unbilled
0.00
Total Investment:
24,790.86

| Last | Date | Amount |
|---|---|---|
| Bill: | 09/07/2010 | 77.29 |
| Payment: | 02/25/2009 | 388.06 |
| Time | 08/26/2010 | |