```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

- v -

BERNARD L. MADOFF,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER FOR INTERLOCUTORY SALE OF PROPERTY (PJ Clarkes, Clarke's Group, Duhl & Meyer, Hoboken Radiology, LLC)

09 Cr. 213 (DC)

WHEREAS, Information 09 Cr. 213 (DC) (the "Information"), filed March 10, 2009, charged BERNARD L. MADOFF, the defendant ("MADOFF" or the "defendant"), in eleven counts in connection with a scheme to defraud clients of Bernard L. Madoff Investment Securities ("BLMIS"), from at least as early as the 1980s through on or about December 11, 2008, by soliciting billions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to MADOFF's own benefit and the benefit of others without the knowledge or authorization of the investors;

WHEREAS, the Information also contains two forfeiture allegations, the first of which concerns the offenses charged in Counts One, Three, Four, and Eleven of the Information, which constitute "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7) (the "SUA Offenses"), and which seeks criminal forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the SUA Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p) (the "First Forfeiture Allegation");

1

WHEREAS, the second forfeiture allegation, concerning the money laundering offenses charged in Counts Five through Seven of the Information (the "Money Laundering Offenses"), seeks criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of all property, real and personal, involved in the Money Laundering Offenses, and all property traceable to such property, and substitute assets, pursuant to 21 U.S.C. § 853(p) (the "Second Forfeiture Allegation");

WHEREAS, the Government filed a notice advising the defendant of its intent to seek criminal forfeiture (i) as alleged in the First Forfeiture Allegation, of all property constituting or derived from proceeds traceable to the commission of the SUA Offenses, including a money judgment in the amount of $170,000,000,000, representing the amount of proceeds traceable to the commission of the SUA Offenses, all property constituting or derived from proceeds traceable to the commission of the said offenses, all property traceable to such property, and substitute assets; (ii) as alleged in the Second Forfeiture Allegation, all property involved in the Money Laundering Offenses, including a money judgment in the amount of $799,000,000, representing the property involved in the Money Laundering Offenses, all property involved in the said offenses, all property traceable to such property, and substitute assets;

WHEREAS, on March 12, 2009, MADOFF pleaded guilty to all eleven counts in the Information;

WHEREAS, on or about March 16 and 17, 2009, the Office of the United States Attorney for the Southern District of New York (the "Office") filed notices that the property subject to forfeiture includes all right, title and interest of the defendant in certain property identified in the notices;

WHEREAS, at sentencing on June 29, 2009, the Court imposed on the defendant a term of imprisonment of 150 years and also incorporated by reference the Preliminary Order of Forfeiture, Final as to the Defendant, previously entered by the Court on June 26, 2009 (the "Preliminary Order of Forfeiture"). The Preliminary Order of Forfeiture included provisions that imposed two personal money judgments against the defendant, ordered him to forfeit all of his interest in specific property identified in the Order, and extinguished his claims to any and all property in which he has an interest, as property constituting or derived from proceeds traceable to the commission of the offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7) charged in Counts One, Three, Four, and Eleven of the Information, and/or as property involved in the money laundering offenses charged in Counts Five through Seven of the Information, including, but not limited to:

> Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the assets of any and all corporations, partnerships or other entities, and/or their subsidiaries, affiliates and joint ventures, including, but not limited to, the following:
>
> . . .
>
> h. Hoboken Radiology LLC;
>
> . . .
>
> j. The Clarke's Group LLC;
>
> k. PJ Clarke's on the Hudson LLC;
>
> . . .
>
> t. Duhl & Mayer et al.

(the "Subject Property").

WHEREAS, On June 26, 2009, the Court also endorsed a Stipulation and Order between the United States Attorney's Office for the Southern District of New York and the

defendant's wife, Ruth Madoff, the terms of which included Ruth Madoff's consent to the forfeiture and relinquishment of all claims to the Subject Property.

WHEREAS, the Subject Property is under the control of the United States Marshals Service ("USMS"), which administers the Department of Justice's Asset Forfeiture Program by managing and disposing of properties seized and forfeited by federal law enforcement agencies and U.S. Attorneys nationwide.

WHEREAS, the Subject Property consists of minority interests in limited liability companies and a partnership, specifically:

   a. A Membership Interest of 0.81% of the capital and 1.6483% of the profit and loss in P.J. Clarke's on the Hudson, LLC, a New York limited liability company (the "PJ Clarke's Interest");
   b. A Membership Interest of 1.00% of the capital and 1.00% of the profit and loss in The Clarke's Group, LLC, a New York limited liability company (the "Clarke's Group Interest");
   c. A Partnership Interest of 0.54324% in San Carlos Building Co., L.P. (also known as "Duhl & Mayer et al."), a New York partnership (the "San Carlos Interest");
   d. A 21.25% interest in Hoboken Radiology, LLC (the "Hoboken Radiology Interest"), a New Jersey limited liability company;

WHEREAS, the USMS is responsible for the management and disposition of forfeited property for the Department of Justice, and needs the ability to liquidate the securities comprising the Subject Property in order to maximize their value;

WHEREAS, pursuant to 21 U.S.C. § 853(g), following entry of an order of forfeiture, upon application of the United States, the Court is authorized to "take any . . . action to protect the interest of the United States in the property ordered forfeited";

WHEREAS, the property forfeited in connection with this case will be distributed to the victims of the defendant's fraud, consistent with applicable Department of Justice regulations;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The USMS is authorized to liquidate the Subject Property in a commercially feasible manner and may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2. The net proceeds from the sale will be held by the USMS in its Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute res for the Subject Property (the "Substitute Res") in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the Office for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

SO ORDERED:

_____
THE HONORABLE DENNY CHIN
UNITED STATES CIRCUIT JUDGE

12-5-2014
DATE