UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                               :    **GOVERNMENT'S MOTION IN**
                                                       :    **SUPPORT OF ITS PROPOSED**
                                                       :    **PRELIMINARY ORDER OF**
              - v. -                                   :    **FORFEITURE AS TO**
                                                       :    **SUBSTITUTE ASSET**
BERNARD L. MADOFF,                                     :
                                                            09 Cr. 213 (DC)
              Defendant.                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Asset to include certain property of BERNARD L. MADOFF (the "defendant") as a substitute asset, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about June 29, 2009.

## I. Background

### The Criminal Proceedings

    On or about March 10, 2009, the defendant was charged in a eleven-count Superseding Information, 09 Cr. 213 (DC) (the "Information"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18 United States Code, Section 2 (Count One); investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17, and Title 18, United States Code, Section 2 (Count Two); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); international money laundering to promote specified unlawful

activity, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Five); international money laundering to conceal and disguise the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) & (f) and 2 (Count Six); money laundering, in violation of Title 18, United States Code, Sections 1957 and 2 (Count Seven); false statements, in violation of Title 18, United States Code, Section 1001(a) (Count Eight); perjury, in violation of Title 18, United States Code, Section 1621 (Count Nine); false filing with the Securities and Exchange Commission, in violation of Title 15, United States Code, Sections 78q(e) and 78ff; Title 17, Code of Federal Regulations, Sections 240.17a-5, 240.17a-13 and 210.2-01, and Title 18, United States Code, Section 2 (Count Ten); and theft from an employee benefit plan, in violation of Title 18, United States Code, Sections 664 and 2 (Count Eleven).

The Information included a forfeiture allegation as to Counts One, Three, Four, and Eleven, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses.

The Information included a second forfeiture allegation as to Counts Five through Seven seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982, of all property, real and personal, involved in the said money laundering offenses and all property traceable to such property.

The Information further included a substitute asset provision providing notice that if, as a result of the defendant's actions or omissions, forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant.

On March 12, 2009, the defendant pled guilty to Counts One through Eleven of the Information.

On or about June 26, 2009, the defendant was sentenced and the Court entered a Preliminary Order of Forfeiture (Final as to the Defendant) (the "Preliminary Order") as to the defendant. The Preliminary Order imposed an aggregate money judgment upon the defendant in the amount of $170,799,000 billion ($170 billion as to Counts One, Three, Four and Eleven of the Information and $799 million as to Counts Five through Seven of the Information) (the "Money Judgment"), and ordered the defendant to forfeit all of his right, title and interest in any and all property and other interests belonging to, owed to or controlled in whole or in part by the defendant, and all property traceable to such property, including, but not limited to, all right, title and interest of the defendant in the property listed in Exhibit A attached to the Preliminary Order (the "Specific Property")(D.E. 99). Moreover, the defendant consented to the forfeiture of all of his right, title and interest in all property the defendant had or would subsequently acquire to the Government.

As detailed in the Declaration of United States Marshal John Calabria of the United States Marshals Service (the "Calabria Declaration"), to date approximately $170,679,200 of the Money Judgment against the defendant remains unpaid. The Calabria Declaration is fully incorporated herein.

### The Stipulation and Order as to Ruth Madoff

On June 26, 2009, the Court endorsed a Stipulation and Order between the United States Attorney's Office for the Southern District of New York and the defendant's wife, Ruth Madoff, the terms of which included Ruth Madoff's consent to the forfeiture and relinquishment of all claims to the Specific Property and any other property not identified in the Stipulation and Order

3

in which the defendant and/or Ruth Madoff had an interest.

## II. The Location of Additional Assets

As set forth in the Calabria Declaration, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the defendant's offenses sufficient to fully satisfy the Money Judgment entered on June 29, 2009.

However, the United States has located $13,502.61 in United States currency formerly on deposit in JP Morgan Chase Bank account number 122578453 held in the name of the Madoff Family Trust) (the "Substitute Asset").

As detailed in the Calabria Declaration, since the date of the entry of the Preliminary Order, the Government has conducted searches utilizing law enforcement databases and all such searches yielded negative results.

As a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the remaining proceeds of the offenses charged in Counts One, Three through Seven and Eleven of the Information.

The United States is now seeking to forfeit the defendant's interest in the Substitute Asset and to have it, once forfeited, applied as a payment towards the Money Judgment.

For the following reasons, the Government respectfully requests that the Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

## III. Discussion

Title 21, United Stated Code, Section 853(p) provides that, if any forfeited property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been

commingled with other property which cannot be divided without difficulty," as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that:

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> ...
>
> (B) is a substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").

If there are other persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Rule 32.2(c) and (c)(2)(B). Under Title 21, United States Code, Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested third parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of

last publication or actual notice, within which to petition the court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Government will ask the Court to enter a final order forfeiting the Substitute Asset to the United States. The Substitute Asset will not be disposed of by the Government until all third party claims are resolved by the Court.

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the defendant's right, title, and interest in the Substitute Asset to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
       June 19, 2018

                                    GEOFFREY S. BERMAN
                                    United States Attorney for the
                                    Southern District of New York

By: _____
      NIKETH VELAMOOR
      Money Laundering and
      Asset Forfeiture Unit
      One St. Andrew's Plaza
      New York, New York 10007
      (212) 637-1076