**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795-9300 | www.rcfp.org
Bruce D. Brown, Executive Director

February 25, 2020

The Honorable Denny Chin
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**VIA ECF**

RE:   *United States v. Madoff*, Case No. 09-cr-213

Dear Judge Chin:

  The Reporters Committee for Freedom of the Press and the 27 news media organizations listed below write to ask that the Court make available to the public the entirety of any letters and/or other communications from victims submitted in conjunction with Bernard Madoff's pending request for a compassionate release.

  On February 24, 2020, the United States (hereinafter "the government") filed a letter stating that it intends to "publicly file an exhibit containing all of the letters the [g]overnment has received, with personal identifying information (including last names with the exception of the first letter) redacted." *United States v. Madoff*, No. 09-cr-231, Letter at 1, ECF No. 218 (Feb. 24, 2020). The government states that Mr. Madoff's counsel "agrees with this approach," and notes further that such redaction "is similar to the approach used by the Court in *United States v. Bernard J. Ebbers*, No S4 02 Cr. 144-3 (VEC), ECF No. 383 (S.D.N.Y. Jan. 7, 2020)."[1]   *Id.*

  As news organizations and organizations that advocate for the newsgathering rights of journalists, the signatories to this letter have a strong interest in safeguarding the public's presumptive right of access to court proceedings and records. Many news organizations, including signatories to this letter, have reported extensively on Mr. Madoff's criminal prosecution and sentencing. It is from this perspective that we write to emphasize to the Court the public interests at stake in this high-profile case, and the benefits of public access

---

[1] Prior to the filing of the government's letter, counsel for the signatories to this letter contacted counsel for Mr. Madoff and the government to seek their respective positions regarding the filing of this letter. Counsel for Mr. Madoff stated that Mr. Madoff is unopposed to the public disclosure of all victim letters and the public disclosure of "communications victims have had/will have with the U.S. Attorney's Office." Counsel for the government stated that the government would set forth its Department of Justice's position regarding the unsealing of the victim letters in a separate letter to the Court.

**STEERING COMMITTEE**

STEPHEN J. ADLER
*Reuters*
J. SCOTT APPLEWHITE
*The Associated Press*
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
MASSIMO CALABRESI
*Time Magazine*
MANNY GARCIA
*USA Today Network*
EMILIO GARCIA-RUIZ
*The Washington Post*
JOSH GERSTEIN
*Politico*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
KAREN KAISER
*The Associated Press*
DAVID LAUTER
*Los Angeles Times*
DAHLIA LITHWICK
*Slate*
MARGARET LOW
*WBUR*
JANE MAYER
*The New Yorker*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
*The Los Angeles Times*
CAROL ROSENBERG
*The New York Times*
THOMAS C. RUBIN
*Quinn Emmanuel*
CHARLIE SAVAGE
*The New York Times*
BEN SMITH
*BuzzFeed*
JENNIFER SONDAG
*Bloomberg News*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
SAUNDRA TORRY
*Freelance*
VICKIE WALTON-JAMES
*NPR*
JUDY WOODRUFF
*PBS/The NewsHour*

**SENIOR ADVISORS**

CHIP BOK
*Creators Syndicate*
JOHN C. HENRY
*Freelance*
TONY MAURO
*National Law Journal, ret.*
ANDREA MITCHELL
*NBC News*
PAUL STEIGER
*ProPublica*

*Affiliations appear only for purposes of identification*

to victim letters and communications submitted to the Court, including the identities of those who submit those letters and/or communications.

The signatories to this letter agree with the government that the victim letters and other communications should be filed publicly with the Court. However, the Court should not permit redaction of the victims' last names, unless the government can meet the exacting standards of the First Amendment and common law to justify this partial sealing. *See United States v. Alcantara*, 396 F.3d 189, 191–92 (2d Cir. 2005) (recognizing a First Amendment right of access to sentencing proceedings); *United States v. King*, No. 10-cr-122, 2012 WL 2196674, at *1–2 (S.D.N.Y. July 15, 2012) (recognizing the constitutional and common law rights of access to materials submitted to the court in conjunction with sentencing decision); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (recognizing First Amendment and common law rights of access to sentencing memoranda); *United States v. Sattar*, 471 F. Supp. 2d 380, 385–87 (S.D.N.Y. 2006) (recognizing a common law right of access to letters submitted in support of defendant's sentencing submissions).

The Government's reliance on *Ebbers* to justify redaction of victims' last names is misplaced. In *Ebbers*, neither party provided briefing on the constitutional or common law rights of access, and the court seemingly ordered the redaction of victims' "personal information" sua sponte. *See United States v. Ebbers*, No. 02-cr-1144-3, Order at 1, ECF No. 383 (Jan. 7. 2020). In contrast, this Court's own ruling on a motion to unseal victim letters submitted in conjunction with Mr. Madoff's initial sentencing in 2009 discussed at length both the constitutional and common law rights of access. *See Madoff*, No. 09-cr-231, Mem. Op. at 4–13, ECF No. 80 (June 17, 2009). In considering these presumptive rights of access, this Court concluded that only victims who objected to the disclosure of their responses should have their personal identifying information redacted. *Id.* at 9. This Court unsealed in their entirety the letters of victims who consented to the public release of their responses, as well as those of victims who did not indicate whether they objected to disclosure. *Id.* The Court should conduct the constitutional and common law analysis in this case and permit redaction of the victims' last names—even of those victims who request that their last names be withheld—only if it finds that the rights of access are overcome by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

Press and public access to the letters and communications is particularly important in light of the heightened public interest in this case. Even more than a decade after his conviction, Mr. Madoff's case remains a matter of significant concern to the public. Mr. Madoff's arrest and prosecution were covered extensively by the news media. *See, e.g.*, Grant McCool & Martha Graybow, *Madoff Pleads Guilty, Is Jailed for $65 Billion Fraud*, REUTERS (Mar. 12, 2009), https://perma.cc/MH3N-WD8U; Diana B. Henriques & Zachary Kouwe, *Prominent Trader Accused of Defrauding Clients*, N.Y. TIMES (Dec. 11, 2008), https://perma.cc/V3BJ-PFMM. And members of the public have an ongoing interest in learning how his request for leniency and compassion, in particular, and such requests in general, are handled in the justice system, as exemplified by the extensive news coverage that Mr. Madoff's request for compassionate release has received. *See, e.g.*, Walter Palvo, *Bernie Madoff and Compassionate Release*, FORBES (Feb. 8, 2020), https://perma.cc/PL6X-67US; Kevin McCoy & Kelly Tyko, *Ponzi Scheme Mastermind*

*Bernie Madoff Says He's Dying, Seeks Release from 150-Year Prison Term*, USA TODAY (Feb. 5, 2020), https://perma.cc/R3DS-RG2M; David Yaffe-Bellany, *Bernie Madoff Says He's Dying and Seeks Early Prison Release*, N.Y. TIMES (Feb. 5, 2020), https://perma.cc/JLY8-JD53.

In light of the constitutional and common law presumptions of public access applicable to the victim's responses to Mr. Madoff's request for a compassionate release, and the significant public interest in Mr. Madoff's case, the Reporters Committee and the other media organizations listed below respectfully ask that the Court make the letters and any other communications by victims publicly available in their entirety.

A copy of this letter has been served on all parties electronically through the CM/ECF system.

Respectfully submitted,

/s/ *Katie Townsend*
  Katie Townsend
  ktownsend@rcfp.org
  REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
  1156 15th St NW, Suite 1020
  Washington, D.C. 20005
  202.795.9300

On behalf of:

Reporters Committee for Freedom of the Press
ALM Media, LLC
The Associated Press
Association of Alternative Newsmedia
Daily News, LP
The E.W. Scripps Company
First Look Media Works, Inc.
Gannett Co., Inc.
Inter American Press Association
International Documentary Assn.
Investigative Reporting Workshop at American University
The Media Institute
MediaNews Group Inc.
MPA - The Association of Magazine Media

National Press Photographers Association
The New York Times Company
The News Leaders Association
News Media Alliance
Newsday LLC
NYP Holdings, Inc.
Online News Association
POLITICO LLC
Radio Television Digital News Association
Reuters News & Media Inc.
Reveal from The Center for Investigative Reporting
Society of Professional Journalists
Tully Center for Free Speech
The Washington Post

3